**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

<table>
<tr><td>

**ABIGAIL WARMACK,**
*individually and on behalf of all similarly situated persons*,

      Plaintiff,

v.

**FLIGHT MEMPHIS, LLC,**
*a Tennessee Limited Liability Company,*
**GERMANTOWN HOLDINGS, LLC,**
*a Tennessee Limited Liability Company,*
**PARK VIEW, LLC,**
*a Tennessee Limited Liability Company,*
**MADISON AVENUE HOLDINGS, LLC,**
*a Tennessee Limited Liability Company,*
**THOMAS POWERS,** *an Individual,* and
**RUSS GRAHAM,** *an Individual,*

      Defendants.

</td><td>

Civil Action No. _____

FLSA Collective Action
JURY TRIAL DEMANDED

</td></tr>
</table>

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Abigail Warmack, individually, ("Plaintiff"), on behalf of herself and other similarly situated current and former tipped employees (servers and bartenders) of Defendants, brings this collective action against Flight Memphis, LLC, Germantown Holdings, LLC, Park View, LLC, Madison Avenue Holdings, LLC, Thomas Powers, and Russ Graham ("Defendants") and, alleges as follows:

### I.      INTRODUCTION

This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, overtime compensation, and other damages owed to Plaintiff and similarly situated current and former

tipped employees (servers and bartenders) of Defendants, who are members of collectives as defined herein. Plaintiff and the putative classes worked as servers, bartenders and/or hosts/hostesses at Defendants' restaurants including Flight, Southern Social, Coastal Fish Company, and Porch & Parlor. Defendants operate these restaurants as Flight Restaurant Group.

## II.    JURISDICTION AND VENUE

1.    The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Venue in this district and division is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants' corporate headquarters, principal offices, and restaurants have been located in this district and division during all times material to this action.

## III.    COLLECTIVE DESCRIPTIONS

3.  Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly-paid tipped employees who have been employed by and worked as servers and/or bartenders at any of Defendants' Flight, Southern Social, Coastal Fish Company and/or Porch & Parlor restaurants located in Shelby County, Tennessee any time during the applicable statutory limitations' period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the tipped collective").[1]

-&-

> All current and former hourly-paid tipped employees (server and/or bartenders) who also worked as hosts/hostesses at any of Defendants' Flight, Southern Social, Coastal Fish Company and/or Porch & Parlor restaurants located in Shelby County, Tennessee any time during the applicable statutory limitations' period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three

---

[1] Plaintiff reserves the right to modify or amend this Collective Description upon newly discovered information gathered through the discovery process.

years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the host/hostesses collective").[2]

## IV.  **PARTIES**

4.       Defendant Flight Memphis, LLC is a Tennessee for profit limited liability company with its principal offices located at 39 S. Main Street, Memphis, Shelby County, Tennessee 38103-5101. Upon information and belief, Flight Memphis, LLC does business as Flight. According to the Tennessee Secretary of State, Flight Memphis, LLC may be served via its Registered Agent, Don L. Hearn, Jr., 6000 Poplar Avenue, Suite 400, Memphis, Tennessee 38119-3955.

5.       Defendant Germantown Holdings, LLC is a Tennessee for profit limited liability company with its principal offices located at 2285 S. Germantown Road, Germantown, Shelby County, Tennessee 38138-5923. Southern Social is an active assumed name of Germantown Holdings, LLC according to the Tennessee Secretary of State. According to the Tennessee Secretary of State, Germantown Holdings, LLC may be served via its Registered Agent, Don L. Hearn, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee 38119-3955.

6.       Defendant Park View, LLC is a Tennessee for profit limited liability company with its principal offices located at 6000 Poplar Avenue, Suite 400, Memphis, Shelby County, Tennessee 38119-3955. According to the Tennessee Secretary of State Park View, LLC does business as Coastal Fish Company. According to the Tennessee Secretary of State,

---

[2] Plaintiff reserves the right to modify or amend this Collective Description upon newly discovered information gathered through the discovery process.

Park View, LLC may be served via its Registered Agent, Don L. Hearn, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee 38119-3955.

7.      Defendant Madison Avenue Holdings, LLC is a Tennessee for profit limited liability company with its principal offices located at the residence of Defendant Powers, 2570 Johnson Road, Germantown, Shelby County, Tennessee 38139-6710. According to the Tennessee Secretary of State Madison, Avenue Holdings, LLC does business as Porch & Parlor Memphis. According to the Tennessee Secretary of State, Madison Avenue Holdings, LLC may be served via its Registered Agent, Don L. Hearn, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee 38119-3955.

8.      Defendant Thomas Powers is a resident of Germantown, Shelby County, Tennessee. Defendant Powers owns and operates Defendants' restaurants including Flight, Southern Social, Coastal Fish Company and Porch & Parlor. In these capacities, Defendant Powers exercised operational control over Defendants' restaurants, has the power to hire and fire Defendants' employees and had this power over Plaintiff during the course of her relevant employment. Defendant Powers can be served process at his residence located at 2570 Johnson Road, Germantown, Shelby County, Tennessee 38139-6710.

9.      Defendant Russ Graham is an individual believed to be a resident of the state of Florida. Defendant Graham was a former business partner of Defendant Powers and head of operations for Flight Restaurant Group. During the statutory period Defendants Powers and Graham owned and operated Flight, Southern Social, Coastal Fish Company and Porch & Parlor. In these capacities, Defendant Graham exercised operational control over Defendants' restaurants, had the power to hire and fire Defendants' employees and had this power over Plaintiff during the course of her relevant employment.

10.     During the statutory period, Defendants, collectively, owned and operated Flight Restaurant Group consisting of the restaurants Flight, Southern Social, Porch & Parlor, and Coastal Fish Company during the three (3) year period preceding the filing of this Collective Action.

11.     Plaintiff was employed by Defendants as a server, bartender and hostess during the applicable statutory limitations' period of this collective action. Plaintiff worked at Defendants' Southern Social and Coastal Fish Company restaurants. Plaintiff's Consent to Join this collective action as the Named Representative Plaintiff is attached hereto as *Exhibit A*.

## V.     ALLEGATIONS

12.     Defendants employed Plaintiff and others similarly situated individuals as tipped employees (i.e., paid pursuant to the FLSA's tip-credit provisions) to serve their customers at their restaurants during all times material.

13.     Defendants also employ hosts/hostesses whose primary job duties are to seat guests. Hosts/hostesses are not paid pursuant to a tip-credit.

14.     Plaintiff was employed by Defendants as a server, bartender, and hostess during the applicable statutory limitations' period of this collective action. Plaintiff worked at both Southern Social and Coastal Fish Company.

15.     At all times material to this action, Plaintiff and similarly situated individuals have been current or former "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

16.   At all times material to this action, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00, and its tipped employees, hosts and hostesses, including Plaintiff and collective(s) members, likewise have engaged in interstate commerce during all relevant times.

17.   Plaintiff and other similarly situated individuals worked in excess of forty (40) hours per week within weekly pay periods during times material to this action.

18.   Plaintiff and other similarly situated individuals are entitled to at least the applicable FLSA minimum wage and overtime rates of pay for hours worked per week within weekly pay periods during the three (3) years preceding the filing of this collective action.

19.   Defendants should have had a common plan, policy and practice of compensating Plaintiff and other similarly situated tipped employees under a tip-credit compensation program in which they were paid a sub-minimum wage hourly rate of pay with their tips to be credited toward the applicable FLSA minimum wage rate of at least $7.25 per hour and for Defendants to supplement their pay for any differences in reaching $7.25 per hour when their credited tips and sub-minimum wage hourly rate of pay did not equate to at least the federal minimum wage rate of $7.25 per hour.

20.   However, Defendants failed to comply and adhere to such plan and, instead, had a common practice of failing to compensate Plaintiff and similarly situated tipped employees the difference between their credited tips/sub-minimum wages and $7.25 per hour, as required by the FLSA.

21.   When restaurants were prohibited from seating customers per local emergency ordinances at the height of the COVID-19 Pandemic, Defendants still required Plaintiff and similarly

situated tipped employees to report to work to perform nontipped work while only earning $2.13 per hour. As a result, Defendants unlawfully claimed a tip-credit for hours worked in weeks in which Plaintiff and similarly situated tipped employees *did not receive any tips*, and therefore, Plaintiff and similarly situated tipped employees did not receive the federal minimum wage of $7.25 per hour.

22. In fact, Defendants' agents/managers threatened Plaintiff and similarly situated tipped employees with termination if they refused to work for only $2.13 an hour.

23. This was a disgusting scheme by Defendants during a tumultuous time to avoid the obligation to supplement Plaintiff and similarly situated tipped employees' pay for any differences in reaching $7.25 per hour.

24. As a result, Plaintiff and other similarly situated tipped employees earned less than the required minimum wage and any applicable overtime compensation within such weekly pay periods, as required by the FLSA.

## VI.    VIOLATIONS
### a.   DUAL OCCUPATION

25. Plaintiff hereby incorporate all of the preceding paragraphs herein.

26. Pursuant to their aforementioned centralized, uniform and common plans, policies and practices, Defendants failed to pay Plaintiff and similarly situated tipped employees the applicable minimum wage rates as required by the FLSA.

27. At all times relevant and based on the aforementioned allegations, Defendants had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiff and similarly situated tipped employees minimum wage for all "dual occupation" job duties, such as (but not limited to): cleaning bathrooms, cleaning the restaurant and restaurant artifacts, cleaning windows, cleaning the parking lot, using a leaf blower to clean

patios and outdoor surfaces, taking out trash, cleaning tea and coffee makers and dispensers, setting up and breaking down tables including outdoor patio furniture, retrieving and transporting ice, washing dishes, and other duties inherently unrelated to tip-producing work and typically performed by non-tipped employees.

28.    At all times relevant herein, Defendants' aforementioned centralized, uniform and common plans, policies and practices of willfully failing to pay Plaintiff and similarly situated individuals at least the required minimum wage rate of $7.25 an hour for all unrelated "dual occupation" job duties constitute an unpaid "minimum wage" claim of Plaintiff and collective members. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and similarly situated individuals for all the aforementioned unrelated "dual occupation" time of at least the applicable FLSA minimum wage rate of pay.

29.    Defendants' aforementioned FLSA violations were willful and committed without a good faith basis.

30.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31.    Due to Defendants' aforementioned willful FLSA violations, lack of a good faith basis in committing such violations, Plaintiff and similarly situated individuals are entitled to recover compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

### b.   RELATED (80/20) DUAL OCCUPATION

32.   Plaintiff hereby incorporates all of the preceding paragraphs herein.

33.   At all times relevant and based on the aforementioned allegations, Defendants had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiff and similarly situated individuals minimum wage for all "dual occupation" job duties that are tangentially related to their tipped-occupation, but non-tip producing, in excess of twenty (20%) percent of their time at only a tip credit wage and without receiving the applicable FLSA minimum wage rate of pay.

34.   At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and similarly situated individuals minimum wages for all time spent performing duties tangentially related to their tipped occupation, but non-tip producing, excess of twenty (20%) percent of their work time.

35.   As a result of Defendants' willful failure to compensate Plaintiff and similarly situated individuals for at least the applicable minimum wage rate wage for all time spent performing related, but non-tip producing job duties in excess of twenty (20%) percent of their work time, Defendants violated the FLSA.

36.   Plaintiff and similarly situated individuals are therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA for all time spent performing related, non-tip producing job duties in excess of twenty (20%) percent of their work time and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

37.   Plaintiff and similarly situated tipped employees would also routinely spend hours, while compensated pursuant to a tip-credit of less than $7.25 per hour, of each shift performing tasks entirely unrelated to their tip producing duties (i.e., "dual occupation" duties) including, but not limited to: cleaning bathrooms, cleaning the restaurant and restaurant artifacts, cleaning windows, cleaning the parking lot, using a leaf blower to clean patios and outdoor surfaces, taking out trash, setting up and breaking down tables including outdoor patio furniture, retrieving and transporting ice and washing dishes ("dual-occupation violations").

38.   In addition, Plaintiff and similarly situated tipped employees also regularly spent more than twenty percent (20%) of their scheduled shifts performing tasks tangentially related to their tipped occupation, but themselves non-tip producing (such as refilling salt and pepper shakers, filing condiments, refilling condiments, making tea and coffee, cleaning tea and coffee makers and dispensers, cutting fruit, setting up tableware, restocking liquor and beer, and rolling silverware), all while compensated pursuant to a tip credit ("80/20 violations").

39.   Plaintiff and similarly situated tipped employees' claims are unified through common theories of Defendants' FLSA violations.

40.   Additionally, Plaintiff and other similarly situated also worked as tipped employees in the same weeks that they worked as tipped employees.

41.   Plaintiff and similarly situated, when working as hosts/hostesses were paid an hourly rate of pay above minimum wage. For example, Plaintiff was paid approximately $13.00 and hour when she worked as a hostess for Defendants.

42.    However, in workweeks where Plaintiff and similarly situated also worked as tipped employees and worked over forty (40) hours, their total hours worked was not combined and a regular rate was not blended for the purposes of calculating overtime.

43.    In fact, Plaintiff and other members of the host/hostess collective were not paid overtime when their combined hours working as hosts/hostesses and tipped employees reached over forty (40) in particular weeks as required by the FLSA.

44.    Defendants' failure to pay Plaintiff and similarly situated individuals the applicable FLSA minimum wage and overtime rates of pay for all hours worked per week within weekly pay periods during all times material to this action was willful with reckless disregard to established FLSA regulations and principles, and without a good faith basis.

45.    The net effect of Defendants' aforementioned plans, policies and practices was to save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA, and thereby enjoyed ill-gained profits at the expense of their tipped employees, including Plaintiff.

46.    Although at this stage Plaintiff is unable to state the exact amount owed to her and collective(s) members, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VII.    FLSA COLLECTIVE ALLEGATIONS

47.    Plaintiff brings this action against Defendants on behalf of herself and similarly situated individuals as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

48.     The claims under the FLSA may be pursued by those who opt-in to this case under 29

U.S.C. § 216(b).

49.     The members of the collective(s) are so numerous that joinder of all other members of the

collective is impracticable. While the exact number of the other members of the collective

is unknown to Plaintiff at this time, and can only be ascertained through applicable

discovery, she believes there are hundreds of individuals in the putative collective(s).

50.     The claims of Plaintiff are typical of the claims of the collective(s). Plaintiff and similarly

situated individuals who work or have worked at Defendants' restaurants were subjected

to the same operational, compensation and timekeeping policies and practices of

Defendants, without being paid fully for all their aforementioned wage claims at the

applicable FLSA minimum wage and overtime compensation rates of pay.

51.     Plaintiff and other individuals are similarly situated in that Defendants failed to supplement

their pay to meet their tipped employee threshold of at least the FLSA minimum and

overtime rates of pay for all hours worked per week within weekly pay periods during

times material to this action.

52.     Plaintiff and other individuals also are similarly situated in that their aforementioned

unpaid wage claims are unified through common theories of Defendants' FLSA statutory

violations.

53.     Common questions of law and fact exist as to the collective(s) which predominate over any

questions only affecting other members of the collective(s) individually and include, but

are not limited to, the following:

- Whether Plaintiff and similarly situated individuals were expected and/or required to perform work without being paid full compensation;

12

- Whether Defendants failed to pay Plaintiff and similarly situated individuals the applicable FLSA minimum wage and overtime rates of pay for all work performed;

- The correct statutes of limitations;

- Whether Plaintiff and similarly situated individuals are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiff and similarly situated individuals.

54.    Plaintiff will fairly and adequately protect the interests of the collective(s) as her interests are aligned with those of the other members of the collective.  Plaintiff has no interests adverse to the collective(s), and she has retained competent legal counsel who are experienced in collective action litigation.

55.    The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the collective in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the collective to individually seek address for the wrongs done to them.

56.    Plaintiff and similarly situated individuals have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

**COUNT I**
***VIOLATION OF THE FAIR LABOR STANDARDS ACT,***
***29 U.S.C. § 201, et seq. -- FAILURE TO PAY MINIMUM WAGE***

57.    Plaintiff hereby incorporates all of the preceding paragraphs herein.

58.    At all relevant times, Plaintiff and members of the putative collective(s) were employees

13

entitled to the FLSA's protections.

59.     Defendants are an "employer" covered by the FLSA.

60.     The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and time and one-half for hours worked over forty (40) in a week, *see id.* at § 207(a)(1).

61.     Defendants' company-wide policy and practice of requiring Plaintiff and similarly situated individuals to perform work without receiving the applicable FLSA minimum wage rates of pay for all hours worked, resulted in a failure to satisfy their minimum wage obligations to Plaintiff and those similarly situated.

62.     As such, Defendants violated the FLSA by failing to pay Plaintiff and similarly situated individuals the required FLSA minimum wage rate of pay for all hours worked during the three (3) year period preceding the filing of this Collective Action.

63.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions, and without a good faith basis for such failure.

64.     Due to Defendants' aforementioned violations, Plaintiff and similarly situated individuals are entitled to recover from Defendants their unpaid minimum wages for all hours worked within applicable weekly pay periods during all times material, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
***VIOLATION OF THE FAIR LABOR STANDARDS***
***ACT, 29 U.S.C. § 201, et seq. – FAILURE TO PAY OVERTIME***

65.     Plaintiff hereby incorporates all of the preceding paragraphs herein.

66.     At all relevant times, Plaintiff and similarly situated individuals were employees entitled to the FLSA's protections.

67.     The FLSA entitles employees to a minimum hourly compensation of $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and time and one-half for hours worked over forty (40) in a week, *see id.* at § 207(a)(1),

68.     At all relevant times, Defendants had a policy and practice of willfully refusing to pay Plaintiff and similarly situated individuals the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

69.     As a result of Defendants' willful failure to compensate Plaintiff and similarly situated individuals at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

70.     Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71.     Defendants did not have a good faith basis for their failure to pay Plaintiff and similarly situated individuals the applicable FLSA overtime compensation for all hours worked over forty (40) per week within weekly pay periods at all time material.

72.     Due to Defendants' violations, Plaintiff and similarly situated individuals are entitled to recover from Defendants their unpaid wages for the legally required amount of overtime compensation for all the hours worked by them in excess of forty (40) in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys'

fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and on behalf of herself and all other similarly situated members of the collective, request this Court to grant the following relief against Defendants:

A.     Designation of this cause as a collective action and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising collective members of the pendency of this action and permitting other members of the collective to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.     An award of compensation for unpaid minimum wages and overtime compensation to Plaintiff and similarly situated individuals at the applicable and respective FLSA minimum wage and overtime rates of pay;

C.     An award of liquidated damages to Plaintiff and similarly situated individuals;

D.     An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and similarly situated individuals;

E.     An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and similarly situated individuals;

F.      A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G.     Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: June 25, 2021.                        Respectfully Submitted,

                                            */s/J. Russ Bryant*
                                            Gordon E. Jackson (TN BPR #08323)
                                            J. Russ Bryant (TN BPR #033830)
                                            Robert E. Turner, IV (TN BPR #35364)
                                            Robert E. Morelli, III (TN BPR #037004)
                                            B. Alan Matthews (TN BPR #37828)
                                            **JACKSON, SHIELDS, YEISER, HOLT,
                                            OWEN & BRYANT**
                                            Attorneys at Law
                                            262 German Oak Drive
                                            Memphis, Tennessee 38018
                                            Tel: (901) 754-8001
                                            Fax: (901) 759-1745
                                            *gjackson@jsyc.com*
                                            *rbryant@jsyc.com*
                                            *rturner@jsyc.com*
                                            *rmorelli@jsyc.com*
                                            *amatthews@jsyc.com*

                                            *Attorneys for Plaintiff*