## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **ABIGAIL WARMACK, JESSICA NEWMAN, ALEXANDRA REPLOGLE,** *collectively and on behalf of all similarly situated persons*, | Civil Action No. 2:21-cv-02431 |
| Plaintiffs, | FLSA Collective Action |
| | JURY TRIAL DEMANDED |
| v. | |
| **FLIGHT MEMPHIS, LLC,** *a Tennessee Limited Liability Company,* **GERMANTOWN HOLDINGS, LLC,** *a Tennessee Limited Liability Company,* **PARK VIEW, LLC,** *a Tennessee Limited Liability Company,* **MADISON AVENUE HOLDINGS, LLC,** *a Tennessee Limited Liability Company,* **THOMAS POWERS,** *an Individual,* and **RUSS GRAHAM,** *an Individual,* | |
| Defendants. | |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiffs, Abigail Warmack, Jessica Newman, and Alexandra Replogle, collectively, ("Plaintiffs"), on behalf of themselves and other similarly situated current and former tipped employees (servers, bartenders, hostesses, barbacks, food runners, and server assistants) of Defendants, brings this collective action against Flight Memphis, LLC, Germantown Holdings, LLC, Park View, LLC, Madison Avenue Holdings, LLC, Thomas Powers, and Russ Graham ("Defendants") and, allege as follows:

### I.       INTRODUCTION

This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, overtime

1

compensation, and other damages owed to Plaintiffs and similarly situated current and former tipped employees (servers, bartenders, hosts, hostesses, barbacks, food runners, and server assistants) of Defendants, who are members of collectives as defined herein. Plaintiffs and members of the putative classes worked at Defendants' restaurants, including Flight, Southern Social, Coastal Fish Company, and Porch & Parlor. Defendants operate these restaurants as Flight Restaurant Group.

## II.      JURISDICTION AND VENUE

1.      The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Accordingly, jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Venue in this district and division is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants' corporate headquarters, principal offices, and restaurants have been located in this district and division during all times material to this action.

## III.      COLLECTIVE DESCRIPTIONS

3.  Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

> All current and former hourly-paid tipped employees who have been employed by and worked as servers, bartenders, barbacks, food runners, and/or server assistants at any of Defendants' Flight, Southern Social, Coastal Fish Company, and/or Porch & Parlor restaurants located in Shelby County, Tennessee any time during the applicable statutory limitations' period covered by this Collective Action Complaint (*i.e.,* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the tipped collective").[1]



-&-

---

[1] Plaintiffs reserve the right to modify or amend this Collective Description upon newly discovered information gathered through the discovery process.

All current and former hourly-paid tipped employees (servers, bartenders, barbacks, food runners, and/or server assistants) who also worked as hosts/hostesses at any of Defendants' Flight, Southern Social, Coastal Fish Company, and/or Porch & Parlor restaurants located in Shelby County, Tennessee any time during the applicable statutory limitations' period covered by this Collective Action Complaint (*i.e.,* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the host/hostess collective").[2]

## IV.   PARTIES

4.   Defendant Flight Memphis, LLC is a Tennessee for-profit limited liability company with its principal offices located at 39 S. Main Street, Memphis, Shelby County, Tennessee 38103-5101. Upon information and belief, Flight Memphis, LLC does business as Flight. According to the Tennessee Secretary of State, Flight Memphis, LLC may be served via its Registered Agent, Don L. Hearn, Jr., 6000 Poplar Avenue, Suite 400, Memphis, Tennessee 38119-3955.

5.   Defendant Flight Memphis, LLC has been served with process.

6.   Defendant Germantown Holdings, LLC is a Tennessee for-profit limited liability company with its principal offices located at 2285 S. Germantown Road, Germantown, Shelby County, Tennessee 38138-5923. According to the Tennessee Secretary of State, Southern Social is an active assumed name of Germantown Holdings, LLC. According to the Tennessee Secretary of State, Germantown Holdings, LLC may be served via its Registered Agent, Don L. Hearn, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee 38119-3955.

7.   Defendant Germantown Holdings, LLC has been served with process.

---

[2] Plaintiff reserves the right to modify or amend the Collective Description upon newly discovered information gathered through the discovery process.

8.  Defendant Park View, LLC is a Tennessee for-profit limited liability company with its principal offices located at 6000 Poplar Avenue, Suite 400, Memphis, Shelby County, Tennessee 38119-3955. According to the Tennessee Secretary of State, Park View, LLC does business as Coastal Fish Company. According to the Tennessee Secretary of State, Park View, LLC may be served via its Registered Agent, Don L. Hearn, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee 38119-3955.

9.  Defendant Park View, LLC has been served with process.

10.  Defendant Madison Avenue Holdings, LLC is a Tennessee for-profit limited liability company with its principal offices located at the residence of Defendant Powers, 2570 Johnson Road, Germantown, Shelby County, Tennessee 38139-6710. According to the Tennessee Secretary of State Madison, Avenue Holdings, LLC does business as Porch & Parlor Memphis. According to the Tennessee Secretary of State, Madison Avenue Holdings, LLC may be served via its Registered Agent, Don L. Hearn, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee 38119-3955.

11.  Defendant Madison Avenue Holdings, LLC has been served with process.

12.  Defendant Thomas Powers is a resident of Germantown, Shelby County, Tennessee. Defendant Powers owns and operates Defendants' restaurants, including Flight, Southern Social, Coastal Fish Company, and Porch & Parlor. In these capacities, Defendant Powers exercised operational control over Defendants' restaurants, has the power to hire and fire Defendants' employees, and had this power over Plaintiffs during the course of their relevant employment. Defendant Powers can be served process at his residence located at 2570 Johnson Road, Germantown, Shelby County, Tennessee 38139-6710.

13.  Defendant Powers has been served with process.

14. Defendant Russ Graham is a former resident of Shelby County, Tennessee and a current resident of Okaloosa County, Florida. Defendant Graham is a former business partner of Defendant Powers, former head of operations for Flight Restaurant Group and a former equity holder in Flight Restaurant Group. During the statutory period, Defendants Powers and Graham owned and operated Flight, Southern Social, Coastal Fish Company, and Porch & Parlor. In these capacities, Defendant Graham exercised operational control over Defendants' restaurants, had the power to hire and fire Defendants' employees, and had this power over Plaintiffs during the course of their relevant employment. Defendant Russ Graham can be served process at his residence located at 455 Admiral Court, Destin, Okaloosa County, Florida, 32541.

15. Defendant Graham has been served with process.

16. Defendants jointly owned and operated Flight Restaurant Group consisting of the restaurants Flight, Southern Social, Porch & Parlor, and Coastal Fish Company during the three (3) year period preceding the filing of this Collective Action.

17. Plaintiff Warmack was employed by Defendants as a server, bartender, and hostess during the applicable statutory limitations' period of this collective action. Additionally, Plaintiff Warmack worked at Defendants' Southern Social and Coastal Fish Company restaurants.

18. Plaintiff Newman was employed by Defendant as a server, bartender, and hostess during the applicable statutory limitations' period of this collective action. Additionally, Plaintiff Newman worked at Defendants' Southern Social and Coastal Fish Company restaurants.

19. Plaintiff Replogle was employed by Defendants as a server and hostess during the applicable statutory limitations' period of this collective action. Additionally, Plaintiff

Replogle worked at Defendants' Southern Social, Porch & Parlor, and Coastal Fish Company restaurants.

## V.    ALLEGATIONS

20.    Defendants employed Plaintiffs and others similarly situated individuals as tipped employees (i.e., paid pursuant to the FLSA's tip-credit provisions) to serve customers of their restaurants during all times material.

21.    Defendants employed Plaintiffs and others similarly situated as hosts/hostesses to seat customers, handle reservations, answer the phone and perform other duties. Hosts/hostesses are not paid pursuant to a tip-credit.

22.    At all times material to this action, Plaintiffs and similarly situated individuals have been current or former "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

23.    At all times material to this action, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00, and its tipped employees, hosts and hostesses, including Plaintiff and collective(s) members, likewise have engaged in interstate commerce during all relevant times.

24.    Plaintiffs and other similarly situated individuals worked in excess of forty (40) hours per week within weekly pay periods during times material to this action.

25.    Plaintiffs and other similarly situated individuals are entitled to at least the applicable FLSA minimum wage and overtime rates of pay for hours worked per week within weekly pay periods during the three (3) years preceding the filing of this collective action.

26.     Defendants should have had a common plan, policy, and practice of compensating Plaintiffs and other similarly situated tipped employees under a tip-credit compensation program in which employees were paid a sub-minimum wage hourly rate of pay with their tips to be credited toward the applicable FLSA minimum wage rate of at least $7.25 per hour and for Defendants to supplement employees pay for any differences in reaching $7.25 per hour when their credited tips and sub-minimum wage hourly rate of pay did not equate to at least the federal minimum wage rate of $7.25 per hour.

27.     However, during the height of the COVID-19 pandemic Defendants failed to implement and adhere to such a plan and, instead, had a common practice of failing to compensate Plaintiffs and similarly situated tipped employees the difference between their credited tips/sub-minimum wages and $7.25 per hour, as required by the FLSA.

28.     When restaurants were prohibited from seating customers per local emergency ordinances at the height of the COVID-19 pandemic, Defendants still required Plaintiffs and similarly situated tipped employees to report to work to perform non-tipped work while only earning $2.13 per hour. As a result, Defendants unlawfully claimed a tip-credit for hours worked in weeks in which Plaintiffs and similarly situated tipped employees *did not receive any tips*. Therefore, Plaintiffs and similarly situated tipped employees did not receive the federal minimum wage of $7.25 per hour.

29.     In fact, Defendants' agents/managers threatened Plaintiffs and similarly situated tipped employees with termination if they refused to work for only $2.13 an hour.

30.     This was a disgusting scheme executed by Defendants during a tumultuous time to avoid the obligation to supplement Plaintiffs and similarly situated tipped employees' pay for any differences in reaching $7.25 per hour.

31.    As a result, Plaintiffs and other similarly situated tipped employees earned less than the required minimum wage and any applicable overtime compensation within such weekly pay periods, as required by the FLSA.

32.    Defendants failed to pay proper overtime to Plaintiffs and similarly situated tipped employees by taking a tip credit against the half time component ($3.63) of the overtime hours worked in particular workweeks.

33.    During pre-shift meetings, Defendants would encourage Plaintiffs and similarly situated tipped employees to "pick up" shifts at Defendants' other restaurant locations.

34.    Based on Defendants encouragement, Plaintiffs and similarly situated tipped employees routinely worked at more than one of Defendants' restaurants in particular workweeks.

35.    Defendants failed to pay overtime to Plaintiffs and similarly situated tipped employees because Defendants did not calculate overtime based on all hours worked when they worked in multiple positions and/or restaurant locations in the same week. In other words, Defendants failed to add the hours worked (and blend the rates of pay) by Plaintiffs and similarly situated tipped employees when they worked as hosts/hostesses as well as servers and/or when they worked at more than one of Defendants' restaurants in particular weeks.

36.    Defendants suffered and permitted Plaintiffs and similarly situated tipped employees to work "off the clock" before and after their shifts.

37.    Defendants required Plaintiffs and similarly situated tipped employees to perform unrelated non-tip producing tasks before and after their shifts for significant periods of time while only being paid $2.13 per hour.

38.    Defendants required Plaintiffs and similarly situated tipped employees to perform non-tip producing preparation and maintenance tasks more than 20% of their work time while only receiving $2.13 per hour.

39.    Defendants have had a centralized, unified and common plan, de facto policy, and practice (scheme) of encouraging, enticing, condoning, inducing, permitting, and/or requiring Plaintiffs and those similarly situated to (a) perform work "off the clock" before and after their scheduled shifts; (b) to require their tipped employees (class members) to perform unrelated (dual occupation),[3] non-tip producing tasks while clocked-in to Defendants' timekeeping system as tipped employees at a tip credit wage; (c) to perform non-tip producing preparation and maintenance tasks more than 20% of their work time while only receiving a tip credit wage;[4] and (d) Defendants miscalculated hours worked for the purposes of calculating overtime and miscalculated overtime rates of pay.  Accordingly, Plaintiffs' and Class Members' "off-the-clock", "dual occupation", "80/20" and "miscalculated overtime" claims are unified by a common theory of Defendants' FLSA statutory violations.

## VI.    VIOLATIONS
### a.  UNRELATED DUAL OCCUPATION

40.    Plaintiffs hereby incorporate all of the preceding paragraphs herein.

41.    Pursuant to their aforementioned centralized, uniform and common plans, policies, and practices, Defendants failed to pay Plaintiffs and similarly situated tipped employees the applicable minimum wage rates as required by the FLSA.

---

[3] See 29 C.F.R. § 531.56(e)

[4] Id; See also U.S. Department of Labor, Wage and Hour Division, Field Operations Handbook § 30d00(e)-(f) (Dec. 9, 1988), available at https://www.dol.gov/whd/FOH/FOH_Ch30.pdf.

42. At all times relevant and based on the aforementioned allegations, Defendants had a centralized, uniform and common plan, policy, and practice of willfully refusing to pay Plaintiffs and similarly situated tipped employees minimum wage for all "dual occupation" job duties, such as (but not limited to): cleaning bathrooms, cleaning the restaurant and restaurant artifacts, cleaning windows, cleaning the parking lot, using a leaf blower to clean patios and outdoor surfaces, taking out the trash, cleaning tea and coffee makers and dispensers, setting up and breaking down tables including outdoor patio furniture, retrieving and transporting ice, washing dishes, and other duties inherently unrelated to tip-producing work and typically performed by non-tipped employees.

43. At all times relevant herein, Defendants' aforementioned centralized, uniform and common plans, policies, and practices of willfully failing to pay Plaintiffs and similarly situated individuals at least the required minimum wage rate of $7.25 an hour for all unrelated "dual occupation" job duties constitute an unpaid "minimum wage" claim of Plaintiffs and collective members. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and similarly situated individuals for all the aforementioned unrelated "dual occupation" time of at least the applicable FLSA minimum wage rate of pay.

44. Defendants' aforementioned FLSA violations were willful and committed without a good faith basis.

45. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Due to Defendants' aforementioned willful FLSA violations, lack of a good faith basis in committing such violations, Plaintiffs and similarly situated individuals are entitled to

recover compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

### b.  RELATED (80/20) DUAL OCCUPATION

47.   Plaintiffs hereby incorporate all of the preceding paragraphs herein.

48.   At all times relevant and based on the aforementioned allegations, Defendants had a centralized, uniform and common plan, policy, and practice of willfully refusing to pay Plaintiffs and similarly situated individuals minimum wage for all "dual occupation" job duties that are tangentially related to their tipped-occupation, but non-tip producing, in excess of twenty (20%) percent of their time at only a tip credit wage and without receiving the applicable FLSA minimum wage rate of pay.

49.   At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and similarly situated individuals minimum wage for all time spent performing duties tangentially related to their tipped occupation, but non-tip producing, in excess of twenty (20%) percent of their work time.

50.   As a result of Defendants' willful failure to compensate Plaintiffs and similarly situated individuals for at least the applicable minimum wage rate wage for all time spent performing related, but non-tip producing job duties in excess of twenty (20%) percent of their work time, Defendants violated the FLSA.

51.   Plaintiffs and similarly situated individuals are therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA for all time spent performing related, non-tip producing job duties in excess of twenty (20%) percent of their

work time and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

52. Plaintiffs and similarly situated tipped employees regularly spent more than twenty percent (20%) of their scheduled shifts performing tasks tangentially related to their tipped occupation, but themselves non-tip producing (such as refilling salt and pepper shakers, filing condiments, refilling condiments, making tea and coffee, cleaning tea and coffee makers and dispensers, cutting fruit, setting up tableware, restocking liquor and beer, and rolling silverware), all while compensated pursuant to a tip credit ("80/20 violations").

53. Plaintiffs and similarly situated tipped employees' 80/20 claims are unified through common theories of Defendants' FLSA violations.

54. The net effect of Defendants' aforementioned plans, policies and practices was to save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA, and thereby enjoyed ill-gained profits at the expense of their tipped employees, including Plaintiffs.

55. Although Plaintiffs are unable to state the exact amount owed to them and collective(s) members at this stage, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony, and the burden of proof of overcoming such testimony shifts to the employer.


### c.  OVERTIME VIOLATIONS

56. Additionally, Plaintiffs and others similarly situated also worked as tipped employees in the same weeks that they worked as non-tipped employees.

57.   Plaintiffs and others similarly situated, when working as hosts/hostesses, were paid an hourly rate of pay above minimum wage. For example, Plaintiffs were paid approximately $13.00 an hour when they worked as hostesses for Defendants.

58.   However, in workweeks where Plaintiffs and others similarly situated also worked as tipped employees and worked over forty (40) hours, their total hours worked were not combined, and a regular rate was not blended for the purposes of calculating overtime.

59.   In fact, Plaintiffs and other members of the host/hostess collective were not paid overtime when their combined hours working as hosts/hostesses and tipped employees reached over forty (40) in particular weeks as required by the FLSA.

60.   Additionally, Plaintiffs and others similarly situated also worked as tipped/non-tipped employees in the same weeks at multiple locations for Defendant.

61.   Plaintiffs and others similarly situated would work at one restaurant for Defendant for a particular shift and then in that same day travel to another one of Defendants' restaurants to work a different shift. By way of example, Plaintiffs would work a brunch shift at Coastal Fish Company and then a dinner shift at Porch & Parlor.

62.   However, in workweeks where Plaintiffs and others similarly situated worked at multiple locations for Defendant and worked over forty (40) hours, their total hours worked were not combined, and a regular rate was not blended for the purposes of calculating overtime.

63.   In fact, Plaintiffs and other members of the collective were not paid overtime when their combined hours working at multiple locations reached over forty (40) in particular weeks as required by the FLSA.

64.   Finally, even if Plaintiffs and similarly situated individuals worked more than forty (40) hours in a particular week at one location, in one job position they would not be paid the

proper overtime rate of pay but rather at their tipped-credit rate of pay for servers or their regular rate of pay for non-tipped positions.

65.     Defendants' failure to pay Plaintiffs and similarly situated individuals the applicable FLSA minimum wage and overtime rates of pay for all hours worked per week within weekly pay periods during all times material to this action was willful with reckless disregard to established FLSA regulations and principles, and without a good faith basis.

### d.     OFF THE CLOCK WORK

66.     Plaintiffs hereby incorporate all of the preceding paragraphs herein.

67.     In addition to the above schemes, Defendants had a centralized, uniform and common plan, de facto policy, and practice of willfully refusing to pay Plaintiffs and other members of the collective(s) minimum wage for "off the clock" work performed before and after their regularly scheduled shifts.

68.     This "off the clock" worked included, but is not limited to, helping other tipped employees deliver food to their customers, washing dishes, cleaning the dining area and assisting the kitchen with food preparation.

### VII.   FLSA COLLECTIVE ALLEGATIONS

69.     Plaintiffs hereby incorporate all of the preceding paragraphs herein.

70.     Plaintiffs bring this action against Defendants on behalf of themselves and similarly situated individuals as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

71.     The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

72.     The members of the collective(s) are so numerous that joinder of all other members of the collectives is impracticable. While the exact number of the other members of the collectives is unknown to Plaintiffs at this time and can only be ascertained through applicable discovery, they believe there are hundreds of individuals in the putative collective(s).

73.     The claims of Plaintiffs are typical of the claims of the collective(s). Plaintiffs and similarly situated individuals who work or have worked at Defendants' restaurants were subjected to the same operational, compensation, and timekeeping policies and practices of Defendants, without being paid fully for all their aforementioned wage claims at the applicable FLSA minimum wage and overtime compensation rates of pay.

74.     Plaintiffs and other individuals are similarly situated in that Defendants failed to supplement their pay to meet their tipped employee threshold of at least the FLSA minimum and overtime rates of pay for all hours worked per week within weekly pay periods during times material to this action.

75.     Plaintiffs and other individuals also are similarly situated in that their aforementioned unpaid wage claims are unified through common theories of Defendants' FLSA statutory violations.

76.     Common questions of law and fact exist as to the collective(s) which predominate over any questions only affecting other members of the collective(s) individually and include, but are not limited to, the following:

- Whether Plaintiffs and similarly situated individuals were expected and/or required to perform work without being paid full compensation;

- Whether Defendants failed to pay Plaintiffs and similarly situated individuals the applicable FLSA minimum wage and overtime rates of pay for all work performed;

- The correct statutes of limitations;

- Whether Plaintiffs and similarly situated individuals are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiffs and similarly situated individuals.

77. Plaintiffs will fairly and adequately protect the interests of the collective(s) as their interests are aligned with those of the other members of the collectives.  Plaintiffs have no interests adverse to the collectives, and they have retained competent legal counsel who is experienced in collective action litigation.

78. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the collective in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the collective to individually seek address for the wrongs done to them.

79. Plaintiffs and similarly situated individuals have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

### COUNT I
### *VIOLATION OF THE FAIR LABOR STANDARDS ACT,*
### *U.S.C. § 201, et seq. -- FAILURE TO PAY MINIMUM WAGE*

80. Plaintiffs hereby incorporate all of the preceding paragraphs herein.

81. At all relevant times, Plaintiffs and similarly situated individuals were employees entitled to the FLSA's protections.

82. Defendants are an "employer" covered by the FLSA.

16

83.     The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and time and one-half for hours worked over forty (40) in a week, *see id.* at § 207(a)(1).

84.     Defendants' company-wide de facto policy and practice of requiring Plaintiffs and similarly situated individuals to perform work without receiving the applicable FLSA minimum wage rates of pay for all hours worked resulted in a failure to satisfy their minimum wage obligations to Plaintiffs and those similarly situated.

85.     As such, Defendants violated the FLSA by failing to pay Plaintiffs and similarly situated individuals the required FLSA minimum wage rate of pay for all hours worked during the three (3) year period preceding the filing of this Collective Action.

86.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and without a good faith basis for such failure.

87.     Due to Defendants' aforementioned violations, Plaintiffs and similarly situated individuals are entitled to recover from Defendants their unpaid minimum wages for all hours worked within applicable weekly pay periods during all times material, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### *VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. – FAILURE TO PAY OVERTIME*

88.     Plaintiffs hereby incorporate all of the preceding paragraphs herein.

89.     At all relevant times, Plaintiffs and similarly situated individuals were employees entitled to the FLSA's protections.

90.    The FLSA entitles employees to a minimum hourly compensation of $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and time and one-half for hours worked over forty (40) in a week, *see id.* at § 207(a)(1),

91.    At all relevant times, Defendants had a policy and practice of willfully refusing to pay Plaintiff and similarly situated individuals the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

92.    As a result of Defendants' willful failure to compensate Plaintiffs and similarly situated individuals at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

93.    Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

94.    Defendants did not have a good faith basis for their failure to pay Plaintiffs and similarly situated individuals the applicable FLSA overtime compensation for all hours worked over forty (40) per week within weekly pay periods at all time material.

95.    Due to Defendants' violations, Plaintiffs and similarly situated individuals are entitled to recover from Defendants their unpaid wages for the legally required amount of overtime compensation for all the hours worked by them in excess of forty (40) in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

<u>**COUNT III**</u>
*VIOLATION OF THE FAIR LABOR STANDARDS*
*ACT, 29 U.S.C. § 201, et seq. – OFF-THE-CLOCK WORK*

96.     Plaintiffs hereby incorporate all of the preceding paragraphs herein.

97.     At all times relevant herein, Defendants have been and continue to be an employer engaged
in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

98.     At all times relevant herein, Defendants employed (and/or continues to employ) Plaintiffs
and similarly situated individuals within the meaning of the FLSA.

99.     At all times relevant and based on the aforementioned allegations, Defendants have had a
centralized, uniform and common plan, de facto policy, and practice of willfully refusing
to pay Plaintiffs and similarly situated individuals minimum wage for "off the clock" work
performed before and/or after their regularly scheduled shifts (including, but not limited
to, helping other tipped employees deliver food to their customers, washing dishes,
cleaning the dining area, helping and with food preparation).

100.    At all times relevant, Defendants had actual and/or constructive knowledge of willfully
refusing to pay Plaintiffs and similarly situated individuals for minimum wage for all time
spent performing job duties "off the clock" before and/or after their regularly scheduled
shifts.

101.    As a result of Defendants willful failure to compensate Plaintiffs and similarly situated
individuals for at least the applicable minimum wage rate wage for all time spent
performing job duties "off the clock" work before and/or after their regularly scheduled
shifts, Defendants have violated and continue to violate the FLSA.

102.    Plaintiffs and similarly situated individuals are therefore entitled to compensation for
unpaid minimum wages at an hourly rate required by the FLSA for all time spent

performing job duties "off the clock" before and/or after their regularly scheduled shifts, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## PRAYER FOR RELIEF

Whereas, Plaintiffs, collectively, and on behalf of themselves and all other similarly situated members of the collectives, request this Court to grant the following relief against Defendants:

A.  Designation of this cause as a collective action and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising members of the collectives of the pendency of this action and permitting members of the collectives to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.  An award of compensation for unpaid minimum wages and overtime compensation to Plaintiffs and similarly situated individuals at the applicable and respective FLSA minimum wage and overtime rates of pay;

C.  An award of liquidated damages to Plaintiffs and similarly situated individuals;

D.  An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and similarly situated individuals;

E.  An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and similarly situated individuals;

F.  A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: September 20, 2021.      Respectfully Submitted,

*/s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #033830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
B. Alan Matthews (TN BPR #37828)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*
*amatthews@jsyc.com*

*Attorneys for Plaintiffs and similarly situated current and former employees of Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on this the 20th day of September, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

*s/J. Russ Bryant*